UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRUCE HATT, ET AL.,
                Plaintiffs

                                  CIVIL ACTION NO.:
         v.                         09-10150-EFH

HAROLD W. CLARKE, ET AL.,

                Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

October 27, 2011

HARRINGTON, S.D.J.

A grant of summary judgment is appropriate where "there is no genuine issue as to any material fact . . . the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002). "The moving party has the initial burden of demonstrating the absence of an issue of material fact necessitating a trial." Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 328 (1st Cir. 2008). "If the moving party successfully carries this burden, the party opposing the motion must present affirmative evidence 'sufficient to deflect brevis disposition.'" Id. (quoting Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)). "In meeting these burdens, 'neither party may rely on conclusory allegations or unsubstantiated denials, but must identify specific facts derived from the pleadings, depositions, answers to interrogatories, admissions and affidavits to demonstrate either the existence or absence of an issue of fact.'" Id. (quoting Magee v. United States, 121 F.3d 1, 3 (1st Cir. 1997)).

After a careful examination of the record, the Court grants defendants' motion for summary judgment.  Plaintiffs have failed to come forward with evidence tending to show misconduct on the part of the defendants and plaintiffs' vague, conclusory and unsubstantiated complaint, responses to interrogatories and declarations are simply insufficient to create a genuine issue of material fact.  Rathbun v. Autozone, Inc., 361 F.3d 62, 66 (1st Cir. 2004) ("A properly supported motion for summary judgment cannot be defeated by relying upon improbable inferences, conclusory allegations, or rank speculation."); Cadle Co. v. Hayes, 116 F.3d 957, 961 & n. 5 (1st Cir. 1997) (a self-serving affidavit could be sufficient to defeat summary judgment but not if it "neither contain[s] enough specifics nor speak[s] meaningfully to matters within [the plaintiff's] personal knowledge").

Defendants' Motion for Summary Judgment (Docket No. 41) is, hereby, GRANTED.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge